Gordon F. BROWN, et al., Respondents,

v.

WEERES INDUSTRIES, INC., et al., Appellants.

Nos. C6–85–653, CO–85–843.

Court of Appeals of Minnesota.

Oct. 8, 1985.

Review Denied Dec. 13, 1985.

Richard A. Grayson, Sanborn & Grayson, St. Paul, for respondents.

Wellington W. Tully, Jr., Stuart T. Williams, Henson & Efron, P.A., Minneapolis, for appellants.

Heard, considered and decided by WOZNIAK, P.J., and PARKER and LESLIE, JJ.

## OPINION

PARKER, Judge.

This is an appeal from a declaratory judgment action commenced by respondents (Gordon F. Brown and Clinton L. Lee, individually and on behalf of Weeres Industries Corporation, formerly known as Brown-Lee, Inc., and on behalf of Boating Accessories Corporation) for a determination of the legal effect of removal of secured collateral without prior permission under the terms of a security agreement. Appellants (Weere Industries, Inc., Boating Accessories, Inc., and Richard W. Anderson) counterclaimed for a declaration that such removal would constitute a default under the agreement, entitling them to accelerate payment of the debt.

Cross-motions for summary judgment were filed. The trial court granted judgment against appellants, holding that consent to removal of the collateral could not be unreasonably withheld. The trial court further found that because appellants, as the secured party, had "no basis to deem [themselves] insecure," there was no reason for them to withhold consent. Because we find that as a matter of law removal of the collateral did constitute a default, we reverse and order entry of summary judgment for appellants.

## FACTS

Appellant-creditors owned and operated a pontoon boat and water bicycle manufacturing business. On April 27, 1982, respondent-debtors purchased appellants' business and its assets. The transaction involved several documents, including a security agreement giving appellants a secured interest in all of the assets, a three-year lease of appellants' building with option to renew, and a purchase agreement and promissory note providing for repayment over ten years.

The security agreement was a standard Uniform Commercial Code (UCC) form which provided in pertinent part:

I. DEFAULT Debtor shall be in default under this agreement upon the happening of any of the following events: (a) nonpayment, when due, of any amount payable on any of the liabilities *or failure to observe or perform any term hereof;* * * * or (h) if Secured Party deems itself insecure for any reason.

In the event of a default, Secured Party shall have the right, at its option and without demand or notice, to declare all or any part of the obligations immediately due and payable * * *.

(Emphasis added). One of the terms of the security agreement provided:

The Collateral will be kept at Clearwater Road, St. Cloud in the County of Stearns State of Minnesota. Debtor will not remove the Collateral from the above location without the prior written consent of the Secured Party.

In the fall of 1984, respondents informed appellants that they would not renew their lease because they intended to relocate. Appellants refused to consent to the move and notified respondents that removal of the collateral would constitute a default of the security agreement, entitling them to accelerate the debt. Respondents brought this declaratory judgment action, seeking an order allowing them to remove the collateral without suffering a default under the security agreement. On cross motions, the trial court granted summary judgment to respondents.

## ISSUES

1. Did the trial court err as a matter of law by concluding that inconsistencies between the security agreement and the other documents warranted requiring that consent could not be withheld unless reasonable?

2. Did the trial court err as a matter of law by concluding that appellants could not reasonably withhold their consent to removal of the collateral because there was no impairment of their security?

3. Are appellants entitled to reasonable attorney's fees incurred in enforcing their rights under the security agreement?

## DISCUSSION

In reviewing an entry of summary judgment, this court must determine whether there are genuine issues of material fact to be litigated, and whether the trial court erred in applying the law. Minn.R.Civ.P. 56.03; *Carney v. Central Life Assurance Co.*, 366 N.W.2d 351, 353 (Minn.Ct.App. 1985).

### I

■ The court's function is to analyze the terms of the security agreement and enforce them in such a manner as gives effect to the intentions of the parties. When the terms of the contract are clear and unambiguous, their plain meaning should be given effect. *T.E. Ibberson Co. v. American & Foreign Insurance Co.*,

346 N.W.2d 659, 661 (Minn.Ct.App.1984). Determination of whether or not the language of a contract is ambiguous and the construction and effect of an unambiguous contract are questions of law. *See, e.g., Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63 (Minn.1979).

■ Appellants argue that the trial court erred by resorting to "extrinsic evidence" such as the promissory note and the lease to vary the terms of the security agreement. The trial court was not in error when it looked to contemporaneously executed documents which were part of a transaction involving the sale of an ongoing business. Business transactions invariably involve many separate documents. These documents should be interpreted together, each one assisting in determining the meaning to be expressed by the others. 3 A. Corbin, *Corbin on Contracts: A Comprehensive Treatise on the Working Rules of Contract Law*, § 549 (3d reprint 1979).

The security agreement in this case does not require that withholding of consent to removal of the collateral must be reasonable. The trial court, however, found "inconsistencies" between the three-year lease term and option to renew and the ten-year loan repayment. The court reasoned that if appellants could arbitrarily withhold consent and prevent respondents from moving the business, the lease option was meaningless. Moreover, respondents argued if appellants could withhold consent without reason, they would be coerced into renewing the lease. This result, they contended, was unfair and not bargained for. To give effect to the lease option and to avoid what the trial court considered an absurd and unjust result, it construed the security agreement as providing that consent could not be unreasonably withheld.

The trial court reasoned that the security agreement was not crucial to the parties because it was merely a standard form, while the purchase agreement and lease were "extensive original drafted documents." We disagree that the terms of the security agreement were somehow less important to the parties. These UCC stan-

dard forms have been carefully drafted. Provisions prohibiting removal of collateral prior to satisfaction of the debt are fundamental and common to transactions of this type.

Nor do we agree that if appellants can withhold consent for no reason, then they have the power to coerce respondents into renewing their lease. These terms were negotiated by the parties and respondents requested the three-year lease term in the first place. They could just as easily have requested a ten-year term to coincide with their repayment schedule. Moreover, respondents have the option of refinancing and paying off the loan if they wish to relocate. If refinancing is impossible, respondents can always renew the lease. The lease carefully provides that in the event of a rent dispute at the time of renewal, the parties are required to submit to arbitration. Appellants would have no opportunity to coerce respondents into accepting an unfair lease.

■ The discrepancy between the three-year lease term and the ten-year loan term do not amount to an ambiguity justifying circumvention of the express terms of the security agreement. The supreme court has cautioned against such contract rewriting:

> We are required to bear in mind that in the instant case we are dealing with a subject that is wholly contractual and that it is not for this court to create or add exceptions to the contract or to remake it in behalf of either of the contracting parties. It is not ordinarily the function of courts to rewrite, modify, or set aside contract provisions fully considered and agreed upon between the parties.

*Telex Corp. v. Data Products Corp.*, 271 Minn. 288, 295, 135 N.W.2d 681, 687 (1965).

This was a commercial, arms-length transaction involving a security agreement under Article 9 of the Uniform Commercial Code (UCC). There is no definition of default within the UCC; beyond the requirements of good faith and the limitations of the unconscionability doctrine, default is "whatever the security agreement says it is." J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code*, 1085–1086 (2d ed. 1980).

Under the clear and unambiguous terms of this security agreement, the collateral may not be removed from the leased premises without appellants' prior written consent. The security agreement does not provide that withholding of such consent must be reasonable. Although respondents may have failed to anticipate that they might have to pay off the debt before removal of the collateral, this is insufficient reason to ignore the contract's literal meaning.

## II

■ The trial court concluded that because appellants "have no basis to deem themselves insecure," their withholding of consent was unreasonable. The evidence indicated that respondents had been current on their payments and that the business has increased substantially in both sales and inventory (thereby increasing the amount of collateral under the security agreement). Moreover, respondents gave their personal guarantees on the promissory note. Finally, the court noted that the proposed move was to property in the immediate area.

In *Torgerson-Forstrom H.I. v. Olmsted Federal Savings*, 339 N.W.2d 901 (Minn. 1983), a lender's refusal to consent to the mortgagor's sale of the mortgaged property without an increase in the interest rate was upheld. The mortgage expressly provided that consent to assignment by the mortgagor "shall not be unreasonably withheld." Recognizing that these due-on-sale clauses are designed to protect not only a lender's security interest in the property, but also his position in the money market, the court held that the lender was not precluded from withholding consent for a reason other than impairment of security. *Id.*

Likewise, a secured party should not be precluded from withholding consent for

reasons other than risk of impairment of the security. Appellant states in an affidavit:

> Under no circumstances would I have agreed to let the security be moved prior to payment of the debt. If the property were moved, the additional expense in terms of moving costs, legal fees, coupled with the inability or unavailability of a place to move the security, including trade fixtures, would make it impossible for me to get back my business as a going concern.

Requiring consent before removal of the collateral not only protects appellants' secured interest, but it also makes it feasible to recover the property upon default. Thus, appellants' withholding of consent was not unreasonable or arbitrary.

### III

 The security agreement specifically provides that the debtor is liable for "all costs and expenses of Secured Party, including reasonable attorney's fees, in the * * * enforcement of any of Secured Party's rights." After determining that removal of the collateral would not constitute default, the trial court denied appellants' request for attorney's fees. This was error. The fees incurred in connection with the declaratory judgment action were necessary in the enforcement of appellants' rights under the security agreement. We therefore remand to the trial court for a determination of reasonable fees incurred before the trial court.

As to any fees incurred on appeal, however, we conclude that the language of the security agreement applies only to fees incurred in enforcing rights at the trial court level. Respondents' position on appeal was not frivolous or otherwise without merit. Appellants are not entitled to attorney's fees incurred on appeal.

### DECISION

The trial court erred as a matter of law in concluding that inconsistencies between contract terms necessitated a construction that consent to removal of the secured

property could not be withheld unless reasonable and in concluding that appellants were precluded from withholding consent to removal of collateral because there was no risk of impairment of their security.

The trial court's grant of summary judgment to respondents is reversed; summary judgment should be entered for appellants.

The issue of attorney's fees is remanded to the trial court to determine and award appellants reasonable fees incurred in connection with the declaratory judgment action.

Reversed and remanded.